Richard ZEID and Siom Misrahi, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

John A. KIMBERLEY, Frank M. Richardson, Mark A. Rowlinson, and Firefox Communications, Inc., Defendants–Appellees.

No. 00–16089.
D.C. No. CV–96–20136–SW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 20, 2001.

Decided April 9, 2001.

Before CANBY, KLEINFELD, and GRABER, Circuit Judges.

MEMORANDUM *

The district court dismissed Plaintiffs' First Amended Complaint with prejudice. Plaintiffs timely appealed, and this court remanded for reconsideration in the light

1025, 1028 (9th Cir.2000).

2. *See Nelson v. Pima Community College,* 83 F.3d 1075, 1081 (9th Cir.1996); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir.1994).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of the intervening decision of *Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.)*, 183 F.3d 970 (9th Cir.1999). *Zeid v. Kimberley*, No. 97–16070, 1999 WL 993649 (9th Cir. Nov.1, 1999) (unpublished memorandum disposition). On remand, the district court again dismissed the case and, again, Plaintiffs filed a timely appeal. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

Under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u–4(b)(1), a plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." Allegations made on information and belief must "state with particularity all facts on which that belief is formed." *Id.* The facts alleged must give rise to a "strong inference" of the required state of mind. 15 U.S .C. § 78u–4(b)(2).

*Silicon Graphics* requires that we affirm. The court there held that the complaint failed the particularity and strong inference tests of the PSLRA because it did not specify enough details about, or the sources of, the information that formed the basis of the plaintiff's allegations, other than to state that the information was contained in internal reports and was discovered through the investigation of counsel. 183 F.3d at 984–85.

In *Silicon Graphics*, the complaint "lack[ed] sufficient detail and foundation necessary to meet either the particularity or strong inference requirements of the PSLRA. For example, [the plaintiff] fail[ed] to state facts relating to the internal reports, including their contents, who prepared them, which officers reviewed them and from whom she obtained the information." *Id.* at 984; *see also id.* at 985 (holding that the complaint contained

inadequate details because it did not include "the sources of her information with respect to the reports, how she learned of the reports, who drafted them, or which officers received them" and did not describe their contents). Likewise, here, the First Amended Complaint alleges that Defendants made statements that they knew were misleading because of "their access to internal corporate data," "internal corporate information," and "private corporate information"—reports about which the required detail is lacking. In short, we find no principled basis on which to distinguish *Silicon Graphics* with respect to the required level of particularity.

AFFIRMED.